UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| ALI ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | 5:20-cv-120-JMH |
| v. | ) | |
| | ) | **MEMORANDUM** |
| SEALY, INC. and DREW MILLAR, | ) | **OPINION & ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

\*\*\*

This matter is before the Court on Plaintiff Ali Robinson's motion to remand this case to state court. [DE 7]. Robinson is suing her former employer, Sealy, Inc., for race discrimination in violation of KRS § 344.040, and both Sealy and Drew Millar, Vice President of Human Resources for Sealy, for retaliation in violation of KRS § 344.280. [DE 1-2 at 7-8]. Millar and Sealy have responded to Robinson's motion to remand [DE 9] and Robinson did not timely reply, making this motion ripe for review.[1]

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Robinson's employment with Sealy was terminated six days after her last complaint of race discrimination. [DE 1-2 at 6]. Millar was the Sealy employee who signed Robinson's notice of

---

[1] Robinson did make similar arguments in her response to Millar's motion to dismiss. [DEs 5, 8].

termination; however, he denies any participation in the decision to terminate her. [DE 9-1]. Millar and Robinson are both residents of Kentucky. [DE 9 at 2; DE 7 at 2].

This case was initially filed in Fayette Circuit Court and was removed on the basis of diversity jurisdiction. [DE 7 at 1-2]. Robinson filed a motion to remand the case back to Fayette Circuit Court, arguing that the parties to this action are not diverse as required by 28 U.S.C. § 1332(a). [DE 7 at 1-2]. Defendants argue that Millar was fraudulently joined and, therefore, his addition does not defeat the complete diversity requirement. [DE 9 at 1-2]. Robinson claims she has a genuine cause of action against Millar and argues that his joinder is not fraudulent. [DE 7 at 1-2].

## II. LEGAL STANDARD

A case filed in state court is removable only if it could have originally been brought in federal court. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed ... to the district court of the United States for the district and division embracing the place where such action is pending."); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 83, 126 S.Ct. 606, 163 L.Ed.2d 415 (2005) ("[Section] 1441 ... authorizes removal of civil actions from state court to federal court when the action initiated in state court is one that could have been

2

brought, originally, in federal district court."). Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions between citizens of different states where the amount-in-controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a).

The "statute has been interpreted to demand complete diversity, that is, that no party share citizenship with any opposing party." *Roche*, 546 U.S. at 89; *see also*, *Caudill v. N. Am. Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000). The burden of establishing diversity jurisdiction is on the removing party. *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

When a non-diverse party has been joined as a defendant, "the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 432 (6th Cir. 2012) (quoting *Jerome-Duncan, Inc., v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999)). Fraudulent joinder is a "judicially created doctrine that provides an exception to the requirement of complete diversity." *Coyne*, 183 F.3d at 493. Thus, a removing party may remove a case to federal court if he or she can show that a non-diverse party was joined for the sole purpose of preventing removal.

To do so, the removing party must establish that the plaintiff has "no colorable cause of action" against the non-diverse

3

defendant. *Saginaw Hous. Comm'n. v. Bannum, Inc.*, 576 F.3d 620, 626 (6th Cir. 2009). This is, understandably, a "heavy burden." *Muriel-Don Coal, Inc. v. Aspen Ins. UK Ltd.*, 790 F. Supp. 2d 590, 597 (E.D. Ky. 2011) (quoting *Mayes v. Rapoport*, 198 F.3d 457, 463 (4th Cir. 1999)). Thus, the focal question for the Court is "...whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).

Moreover, Kentucky's less-burdensome pleading standard applies in evaluating whether Robinson pleaded a "colorable" claim. *See In re Darvocet*, 889 F.Supp.2d at 940 ("It makes little sense to measure the state-law viability of such claims, which were originally filed in state court, by federal pleading standards."). Although Kentucky courts have moved in the direction of adopting more stringent federal pleading requirements, they still apply a "notice pleading" standard, where the "central purpose of pleadings remains notice of claims and defenses." *Pete v. Anderson*, 413 S.W.3d 291, 301 (Ky. 2013)(quoting *Hoke v. Cullinan*, 914 S.W.2d 335, 339 (Ky. 1995)); *see also Red Hed Oil, Inc., v. H.T. Hackney Co.*, 292 F.Supp.3d 764, 771 (E.D. Ky. 2017). In fact, Kentucky emphasizes "substance over form and discovery over pleadings." *V.S. v. Commonwealth, Cabinet for Human Res.*, 706 S.W.2d 420, 425-26 (Ky.Ct.App. 1986).

4

Thus, in the instant action, the Court must determine if Robinson has a colorable cause of action against Millar under Kentucky's notice pleading standard. *Jerome-Duncan*, 176 F.3d at 907; *see also*, *Coyne*, 183 F.3d at 493. If the claim is so frivolous that it has no hope of success, the Court presumes that the plaintiff made the claim for the sole purpose of preventing removal, and thus will retain jurisdiction. *Bannum, Inc.*, 576 F.3d at 626.

However, if the claim has even a "glimmer of hope," there is no fraudulent joinder. *Hartley v. CSX Transp. Inc.*, 187 F.3d 422, 426 (4th Cir. 1999). If so, the Court must remand this action for lack of subject matter jurisdiction because Robinson and Millar are unquestionably citizens of the Commonwealth. If not, the Court must dismiss Robinson's claims against Millar and allow the matter to proceed before this Court. In deciding whether Millar was fraudulently joined, the Court "must resolve all disputed questions of fact and ambiguities in the controlling ... state law in favor of the non-removing party." *Coyne*, 183 F.3d at 493.

The Court recognizes that this is a delicate question to answer at the beginning stages of litigation, before discovery has taken place. Although federal courts are strictly instructed not to proceed to the merits of a case outside of its jurisdiction, the fraudulent-joinder doctrine asks courts to do exactly that. *See Murriel-Don Coal Co., Inc.*, 790 F.Supp.2d at 595. Thus, the

5

Court proceeds with hesitation to examine and address the merits of a case that, perhaps, should not be before it in the first place.

### III. DISCUSSION

Millar espouses two arguments in his response to Robinson's motion to remand: (1) that Robinson has failed to make out a colorable claim for retaliation under the Kentucky Civil Rights Act ("KCRA") and (2) that the doctrine of *respondeat superior* shields Millar from liability. Each argument is addressed below.

**A. Robinson has stated a colorable retaliation claim**

As the KCRA and Sixth Circuit have made clear, individual employees may not be held liable under the statutory scheme—unless that claim is for retaliation. KRS § 344.030(2). *Roof v. Bel Brands USA, Inc.*, 641 F. App'x 492, 496 (6th Cir. 2016); *Morris v. Oldham Cty. Fiscal Court*, 201 F.3d 784, 794 (6th Cir. 2000). Robinson, in her complaint, alleges that Millar violated the retaliation provision of the KCRA. Under the KCRA:

> It shall be an unlawful practice for a person, or for two (2) or more persons to conspire:
>
> > (1) To retaliate or discriminate in any manner against a person because he has opposed a practice declared unlawful by this chapter, or because he has made a charge, filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under this chapter.

6

KRS § 344.280(1). The Kentucky Supreme Court has interpreted the provision to require a plaintiff to demonstrate that (1) she engaged in protected activity (2) that was known to the defendant (3) who thereafter took an employment action adverse to the plaintiff, (4) which was causally connected to the plaintiff's protected activity. *Asbury Univ. v. Powell*, 486 S.W.3d 246, 257-58 (Ky. 2016)(citing *Brooks v. Lexington-Fayette Urban Cty. Housing Auth.*, 132 S.W.3d 790, 903 (Ky. 2004)).

Robinson's amended complaint states that she was terminated by Sealy in a letter signed by Millar. [DE 1-2 at 6]. She states that Millar "explained that she was terminated primarily because she violated Sealy's policy banning employees from making any 'audio/video recordings of any conversations while on Company premises.'" [*Id*. at 7]. Millar's reason did not line up with the prior-performance issues apparently complained of by another Sealy executive. [*Id*. at 6]. Robinson's amended complaint alleges that she engaged in a protected activity by reporting race discrimination, that Millar knew of the protected activity, and that she was fired by him within a week of reporting race discrimination at the company. [*Id*. at 7-8].

Taking these allegations and factual statements in a light most favorable and deferential to Robinson as the non-removing party in a fraudulent joinder inquiry, the Court finds that she did, in fact, state a sufficient factual basis to have a colorable

7

claim against Millar for retaliation. The complaint makes it clear that Millar was the executive who provided the reason for her termination in the letter, and that the reason provided did not match up with other communications Robinson had with Sealy supervisors and/or executives. The factual basis contained in Robinson's amended complaint certainly meets Kentucky's less-stringent pleading standard. To keep this case in federal court, there would have to exist no "glimmer of hope" that Millar was involved in Robinson's firing and knew of her recent protected activity.

Millar, in an affidavit attached to his response to the motion to remand, states that, in his role, he routinely communicates corporate personnel decisions and is not involved in the decision-making process itself. [DE 9-1 at 1]. He blanketly denies taking any retaliatory actions against Robinson or making any decision related to her termination. [*Id*. at 2].

Millar's affidavit simply highlights the need to remand this case to state court. His statements create disputes of fact that are certainly not appropriate for decision by the federal court on a review of subject matter jurisdiction. Our caselaw is explicit that disputes of fact are viewed in light most favorable to the non-removing party. *Coyne*, 183 F.3d at 493. Again, there is a reasonable basis in the complaint for predicting that Robinson's

8

allegations may impose liability on Millar for retaliation under the KCRA. Thus, this case must be remanded to state court.

### B. The doctrine of *respondeat superior* does not shield Millar from liability

Millar also argues that the doctrine of *respondeat superior* protects him from liability. [DE 9 at 5]. Because Millar was acting within the course and scope of his employment, he argues that he cannot be liable for retaliation under the KCRA. [*Id*.]. But employees who act entirely within the scope of their employment are still nonetheless responsible for their own actions, as the Third Restatement of Agency explains:

> [a]n agent is subject to liability to a third party harmed by the agent's tortious conduct. Unless an applicable statute provides otherwise, an actor *remains subject to liability* although the actor acts as an agent or an employee, with actual or apparent authority, or *within the scope of employment*.

Restatement (Third) Of Agency § 7.01 (2006) (emphasis added); *see also Davenport v. MAPCO Express, Inc.,* 2009 WL 10711843 at *3 (E.D. Ky., 2009) (endorsing the Third Restatement interpretation). This is particularly and explicitly true under the KCRA, which states that individual employees may be liable for retaliation, in addition to the employer itself. This directly contradicts the argument raised by Millar that, by acting within the scope of his employment, he cannot be found liable. Accepting this argument would, in effect, say a plaintiff could never sue an individual for retaliation as long as he was acting within the scope of his

9

employment—event if the employer was found to have discriminated and/or retaliated against the plaintiff in violation of the Act. The Court cannot accept such a construction of the KCRA or the doctrine of *respondeat superior*.

## IV. CONCLUSION

Robinson and Millar are both Kentucky residents. Because Robinson has alleged a colorable retaliation claim against Millar, he was not fraudulently joined. Thus, Sealy and Millar have failed to establish complete diversity, as required to remove a case to federal court, and remand is thus appropriate.

Accordingly, **IT IS ORDERED** as follows:

(1) That Plaintiff Ali Robinson's motion to remand [DE 7] is **GRANTED**;

(2) That Defendant Drew Millar's motion to dismiss [DE 5] is **DENIED AS MOOT**;

(3) That this action **SHALL BE REMANDED** to the Fayette Circuit Court; and

(4) That this action **SHALL BE STRICKEN** from the Court's active docket.

This the 23rd day of June, 2020.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge